UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES ANTHONY WILLIAMS,

        Plaintiff,

   v.

BRUCE C. GAGE, et al.,

        Defendants.

Case No. C18-0218-JCC-MAT

REPORT AND RECOMMENDATION

## I. INTRODUCTION

Plaintiff is a state prisoner who is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action against 20 employees of the Washington State Department of Corrections ("DOC"), most of whom work at the Monroe Correctional Complex. Defendants have filed a motion to dismiss for failure to comply with Federal Rule of Civil Procedure 8(a), or for a more definite statement under Federal Rule of Civil Procedure 12(e). (Dkt. 41.) In the alternative, defendants ask the Court to consolidate this matter with C18-46-RAJ-BAT and C18-183-RSL-BAT. (*Id.*) Plaintiff did not file a response. Having considered the parties' submissions, the balance of the record, and the governing law, the Court recommends that defendants' motion be DENIED.

REPORT AND RECOMMENDATION - 1

## II. BACKGROUND

Plaintiff divides his complaint into 13 "grounds," most of which relate to a period when he was incarcerated at the Monroe Correctional Complex.[1] In ground 1, he alleges that Dr. Gage and Dr. Rainer, who supervise DOC's mental health services, are a part of a conspiracy against him that began in 2015. (Dkt. 11 at 5.) He alleges that in October 2015, the doctors ordered that he be transferred out of a mental health unit and into an intensive management unit ("IMU") for the purpose of separating him from his legal materials. (*Id.*) He alleges that Dr. Gage and Dr. Rainer know that he suffers from "SHU-syndrome," which is caused by being housed in solitary confinement for long periods of time, and yet they still ordered that he be transferred to an IMU. (*Id.* at 7.) He identifies four other health care professionals who allegedly refuse to recommend that he be transferred out of the IMU. (*Id.* at 8-9.) He alleges that when he arrived at the IMU, officers, whom he does not identify, violated his constitutional rights in various ways. (*Id.* at 6.) Plaintiff alleges that in this lawsuit, he is suing Dr. Gage and Dr. Rainer because they are the primary cause of him cutting himself on three different dates, as alleged below. (*Id.* at 8.) Plaintiff asserts claims under the First, Eighth, and Fourteenth Amendments, as well as the Americans with Disabilities Act, based on the above allegations. (*Id.*)

In ground 2, plaintiff alleges that on January 8, 2018, Classification Officer Collins and Sergeant Roos put him in a strip cell so they could take his legal materials, and as a result, he started cutting himself. (*Id.* at 10.) Plaintiff alleges that their actions violated his First, Eighth, and Fourteenth Amendment rights. (*Id.*) In ground 3, plaintiff alleges that on January 9, 2018, he informed Officer Cook, Sergeant Meek, and Lieutenant Mui that he was suicidal because he had not slept for several days due to the conditions of the strip cell where he was housed. (*Id.* at 11.)

---

[1] Plaintiff is currently incarcerated at the Washington Corrections Center in Shelton, Washington.

REPORT AND RECOMMENDATION - 2

Allegedly, plaintiff started to cut himself, and Officer Cook, Sergeant Meek, and Lieutenant Mui let him continue all night. (*Id.* at 13.) Plaintiff alleges that in the morning, a physician's assistant came and put steri-strips on his wound. (*Id.*) Plaintiff identifies four other DOC employees who were present during this episode. (*Id.*) In ground 4, plaintiff alleges that on January 10, 2018, he started to cut himself again and also spread feces around his cell. (*Id.* at 15.) Plaintiff alleges that Officer Cook and Lieutenant Mui knew what was going on but would not strap him down to a bed, as he requested. (*Id.*) Plaintiff alleges that defendants violated the DOC's hygiene policy. (*Id.*) In ground 5, plaintiff alleges that on January 11, 2018, he was feeling suicidal because he had not slept or had a blanket for six days, so he covered the camera in his room with feces to get staff to strap him down to a bed. (*Id.* at 17-19.) He alleges that Officer Cook and Lieutenant Walters were aware of his actions. (*Id.* at 19.) Plaintiff alleges that around 2:00 a.m. on January 12, 2018, he got Officer Cook to write two emergency grievances for him, but no one properly responded to the grievances. (*Id.*) Plaintiff alleges that later that morning, Officer Simpson refused to give him breakfast, so plaintiff started cutting himself again, and then he was denied lunch. (*Id.* at 20-21.) Plaintiff identifies four other DOC employees who were aware of what was going on. (*Id.* at 20) Plaintiff also alleges that Lieutenant Walters made him crawl through feces to get out of his cell even though he had a cut on his knee, and then later put him back in the same cell with feces on the ceiling. (*Id.* at 21.)

In ground 6, plaintiff alleges that on January 17, 2018, he was feeling suicidal and staff strapped him to a bed. (*Id.* at 22.) He alleges that this helped his mental health, but his counselor, Vilma Khoumpizay, and an unidentified doctor told him that he was going back to the IMU. (*Id.*) Plaintiff alleges that two officers physically moved him back to the IMU, and then he immediately started cutting himself. (*Id.*) In ground 7, plaintiff alleges that Brandi Blair, the grievance

REPORT AND RECOMMENDATION - 3

1  coordinator, would not let him file emergency grievances regarding cutting himself. (*Id.* at 24.)
2  He claims that this violates his First, Eighth, and Fourteenth Amendment rights. (*Id.*)

3        In ground 8, plaintiff alleges that for the last five months, Sergeant Kleinman has refused
4  to give him legal materials and law books that he needs to litigate this lawsuit. (*Id.* at 25.) In
5  ground 9, plaintiff alleges that he filed a kite asking Sergeant Kleinman for legal materials and
6  stating that he would sue the sergeant if he did not get any legal materials. (*Id.*) Plaintiff alleges
7  that Sergeant Kleinman infracted him for this threat. (*Id.*) In ground 10, plaintiff alleges that
8  Infraction Hearing Officer T. Olmsted-Fredrickson found plaintiff guilty of the infraction Sergeant
9  Kleinman issued. (*Id.*) Plaintiff claims that he has a constitutional right to tell Sergeant Kleinman
10 that the sergeant was violating his constitutional rights and that he will sue. (*Id.*) Plaintiff claims
11 in grounds 8 through 10 that Sergeant Kleinman and Officer Olmsted-Fredrickson violated his
12 First, Eighth, and Fourteenth Amendment rights. (*Id.*)

13       In ground 11, plaintiff alleges that law librarian Miriam Dominique-Kastle refuses to give
14 him the legal materials he needs to litigate this case. (*Id.* at 26.) In ground 12, plaintiff alleges
15 that Superintendent Jack Warner refuses to order Property Officer Bowling and Classification
16 Officer Collins to give him his legal records, which impedes his ability to litigate this case. (*Id.*)
17 In ground 13, plaintiff alleges that Officer Bowling refuses to give him his legal records, which he
18 needs to litigate this lawsuit. (*Id.*)

19       As relief, plaintiff seeks an order requiring the DOC to transfer him out of the IMU,
20 document that he has "SHU-syndrome," and provide him therapy. (*Id.* at 4.) He also seeks
21 monetary damages for his physical and mental injuries. (*Id.*)
22 / / /
23 / / /

REPORT AND RECOMMENDATION - 4

III.   DISCUSSION

A.   Motion to dismiss under Rule 8

"Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss a complaint with prejudice for failure to comply with Rule 8(a)." *Hearns v. San Bernadino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir. 2008). Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). A complaint is subject to dismissal under Rule 8 when it is "verbose, confusing and almost entirely conclusory," or "confusing, distracting, ambiguous, and unintelligible." *Hearns*, 530 F.3d at 1130 (quoted sources omitted). Likewise, dismissal is appropriate when a complaint "is so verbose, confused and redundant that its true substance, if any, is well disguised." *Id.* (internal quotation and citation omitted).

Defendants argue that plaintiff's complaint fails to comply with Rule 8 because some claims relate to events that occurred in 2015, while other events occurred in 2018; more than half of his claims "contain no dates or clues related to the timing of the alleged constitutional allegations"; the complaint is verbose and "rambling" but devoid of necessary details, such as "the who, what and when of the claims"; the complaint contains a substantial amount of information that is not relevant to his claims about his "SHU-syndrome"; the complaint does not include numbered paragraphs; plaintiff attaches exhibits to his complaint, and it is unclear whether he intends these exhibits to assert additional claims as part of his complaint; and plaintiff's claims are inconsistent with the relief he seeks. (Dkt. 41 at 7-8.)

Defendants' arguments are not persuasive. The Court summarized plaintiff's allegations in the previous section. As a whole, plaintiff's complaint cannot be described as overly verbose,

REPORT AND RECOMMENDATION - 5

confusing, conclusory, or redundant. Most of his claims involve specific dates or, at the very least, a specific timeframe. For example, in ground 8, he alleges that during the five months before he filed this lawsuit, Sergeant Kleinman refused to give him the legal materials he needs to litigate this action; grounds 9 through 13 implicitly refer to this same time period. Plaintiff also ties the vast majority of his factual allegations to specific defendants. In many instances he identifies specific constitutional rights he believes have been violated, and in the other instances, it is not difficult to discern which rights are implicated by his factual allegations. Defendants complain that plaintiff includes information that is not relevant to his "SHU-syndrome" claim and fails to number his paragraphs, but it is not unusual for *pro se* prisoners to complain about several conditions of their confinement in one complaint or for *pro se* prisoner complaints to be written with unnumbered paragraphs. Although this may make filing a responsive pleading more challenging, it does not subject the complaint to dismissal under Rule 8.

The Court also disagrees with defendants that the exhibits attached to the complaint create confusion regarding plaintiff's claims. Although a court may review certain exhibits attached to a complaint when assessing the sufficiency of the allegations in the complaint, *e.g.*, *Hartmann v. Cal. Dept. of Corr. & Rehab.*, 707 F.3d 1114, 1124 (9th Cir. 2013); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Parks Sch. Of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); Fed. R. Civ. P. 10(c), the Court is aware of no authority that requires searching through exhibits to discover claims that do not appear on the face of the complaint, *cf. Carroll v. Yates*, 362 F.3d 984, 986 (7th Cir. 2004) (rejecting as "fantastic" the argument that "all facts contained in any attachments to a complaint are automatically deemed facts alleged as part of the complaint" (internal quotation marks and alterations omitted)). Finally, plaintiff's claims are consistent with his request for monetary damages. Liberally construing plaintiff's complaint, the Court concludes

REPORT AND RECOMMENDATION - 6

that it complies with Rule 8.[2] *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (courts liberally construe allegations in a *pro se* pleading).

B.   Motion for a more definite statement

If a pleading is so vague or ambiguous that a defendant "cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement." Fed. R. Civ. P. 12(e); *Gregory Vill. Partners, L.P. v. Chevron U.S.A., Inc.*, 805 F. Supp. 2d 888, 896 (N.D. Cal. 2011) (Rule 12(e) motion is proper only where party's pleading is so indefinite that other party cannot determine claim being asserted). Motions for a more definite statement, however, are disfavored and "ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail." *Hayton Farms Inc. v. Pro-Fac Corp. Inc.*, No. C10-520-RSM, 2010 WL 5174349, at *4 (W.D. Wash. Dec.14, 2010) (quotation omitted). If the opposing party is fairly notified of the nature of the claim, the motion should be denied. *Id.*

Defendants reiterate the same arguments they presented in support of their motion to dismiss under Rule 8. (Dkt. 41 at 9.) For the same reasons articulated above, the Court concludes that plaintiff's complaint is sufficiently definite for defendants to frame a responsive pleading. While there may be factual allegations missing that would subject at least some of the claims to dismissal under Rule 12(b)(6), plaintiff's complaint is not "unintelligible."

C.   Motion to consolidate

Under Federal Rule of Civil Procedure 42(a), a court may consolidate two actions that involve a common question of law or fact. This rule affords courts "broad discretion" to consolidate cases pending in the same district, either upon motion by a party or sua sponte. *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987). In considering whether to consolidate,

---

[2] The Court does not consider whether claims could be dismissed under Rule 12(b)(6) because defendants' motion to dismiss is not brought under that rule.

REPORT AND RECOMMENDATION - 7

1 the Court considers a number of factors, including "judicial economy, whether consolidation 2 would expedite resolution of the case, whether separate cases may yield inconsistent results, and 3 the potential prejudice to a party opposing consolidation." *First Mercury Ins. Co. v. SQI, Inc.*, No. 4 C13-2110JLR, 2014 WL 496685, at *2 (W.D. Wash. Feb. 6, 2014).

Defendants ask the Court to consolidate this matter with C18-46-RAJ-BAT and C18-183-RSL-BAT. In both cases, the Honorable Brian A. Tsuchida, Magistrate Judge, has recommended that the district judge deny defendants' motions to consolidate, reasoning, "Although the other cases share some issues and defendants, the Court is not yet convinced that it would be best to sweep every defendant, claim, and successive time period into a single omnibus *in perpetuum*." (*Williams v. Roos*, No. C18-46-RAJ, Dkt. 47 at 4; *Williams v. Gage*, No. C18-183-RSL, Dkt. 28 at 4.) The Court agrees with Judge Tsuchida and concludes, considering the factors articulated above, that defendants' motion to consolidate should be denied.

### IV. CONCLUSION

The Court recommends that defendants' motion to dismiss or for a more definite statement (Dkt. 41) be DENIED. The Court further recommends that defendants be required to file an answer or responsive motion within 30 days of the order on this Report and Recommendation. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be

REPORT AND RECOMMENDATION - 8

Case 2:18-cv-00218-JCC   Document 43   Filed 08/29/18   Page 8 of 9

ready for consideration by the District Judge on **September 21, 2018**.

Dated this 29th day of August, 2018.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9