UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES ANTHONY WILLIAMS,

    Plaintiff,

 v.

BRUCE C GAGE, et al.,

    Defendants.

Case No. C18-0218-JCC-MAT

ORDER ON MISCELLANEOUS MOTIONS

   This is a 42 U.S.C. § 1983 prisoner civil rights action. Currently before the Court are a number of miscellaneous motions filed by plaintiff. (Dkts. 49-54, 55, 58.) Having considered the parties' submissions, the balance of the record, and the governing law, the Court finds and ORDERS:

   (1) On November 5, 2018, plaintiff filed a number of documents totaling 417 pages, which the Clerk docketed as "various motions." Dkts. 49-54. Plaintiff makes a number of requests, including that he be permitted to amend his complaint, that this action be consolidated with various other actions he has filed (most of which have been dismissed without prejudice), that the discovery deadline be extended 90 days, that defendants be prohibited from filing a motion for summary judgment for 90 days, that defendants serve their answer on plaintiff, that defendants be

ORDER ON MISCELLANEOUS
MOTIONS - 1

prohibited from asking for discovery or moving for summary judgment until plaintiff's legal documents are returned to him, that defendants be prohibited from transferring him from the Washington State Penitentiary ("WSP") until after this lawsuit is concluded, and that the Court ask the Walla Walla Sheriff's Office to investigate two defendants. (Dkt. 49.) Plaintiff also asks for additional time to respond to defendants' answer and for the Court to send him copies of his complaint and exhibits filed in this case, as well as the complaints filed in his other cases, because prison authorities have taken his legal materials away from him. (Dkt. 50 at 1, 18-19.) As discussed below, plaintiff's motions are GRANTED in part and DENIED in part.

      a.     Plaintiff's requests to amend and consolidate appear intertwined. As far as the Court can tell, plaintiff wishes to amend his complaint in this action, consolidate this action with five other actions that have been dismissed without prejudice and two actions that were never filed with the Court, and then file another amended complaint in this action that includes all of the claims raised in all of the actions. (Dkt. 50 at 26-27.) It appears that plaintiff includes a proposed amended complaint purporting to name 158 defendants and raising 190 claims. (Dkt. 49 at 1-14 (apparent listing of defendants); Dkt. 50 at 31 through Dkt. 53 (apparent proposed amended complaint).)

Plaintiff's request to consolidate is DENIED; none of the actions plaintiff wishes to consolidate are live cases. Plaintiff's motion for leave to file the apparent amended complaint contained in Docket Numbers 50-53 is DENIED without prejudice. Rule 8(a) of the Federal Rule of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's proposed amended complaint fails to comply with this requirement.[1] It is too unwieldly for plaintiff to maintain a

---

[1] Plaintiff's plan to file another amended complaint that includes all of the claims raised in all of his other lawsuits is likely to fail for the same reason.

ORDER ON MISCELLANEOUS
MOTIONS - 2

lawsuit against 150 defendants that includes 190 claims. If plaintiff would like to file an amended complaint, he must file a motion for leave to amend and attach a proposed amended complaint. **Any motion for leave to amend must be filed by February 8, 2019.** The proposed amendment must comply with Rule 8(a), and any request to accept an overly long proposed amendment against too many defendants likely will be denied.

b. Plaintiff's request to extend the discovery deadline by 90-days is GRANTED. Discovery shall be completed by **May 24, 2019**. Dispositive motions shall be filed by **July 5, 2019**.

c. Plaintiff's requests to prohibit defendants from filing a summary judgment motion for 90-days is DENIED. If defendants file a motion for summary judgment before plaintiff has had an opportunity to complete discovery relevant to responding to the motion, the Federal Rules of Civil Procedure provide grounds for plaintiff to request additional time to respond.

d. Plaintiff's request that he receive a copy of defendants' answer is GRANTED.

e. Plaintiff's request that defendants be prohibited from seeking discovery or filing a motion for summary judgment until plaintiff's legal materials are returned to him is DENIED. If plaintiff is unable to respond to discovery requests or oppose a motion for summary judgment because he does not have access to necessary legal materials, he may seek relief from the Court at the time.

f. Plaintiff's request that the Court prohibit his transfer to another prison during the pendency of this lawsuit is DENIED. Plaintiff has made no showing that he is entitled to such preliminary relief.

1   g. Plaintiff's request that the Court order the Walla Walla Sheriff's Office to
2   investigate two of the defendants is DENIED. The Court does not have the authority to order such
3   relief.

4   h. Plaintiff's request for an extension of time to respond to defendants' answer
5   is DENIED. A response to an answer is only permitted if ordered by the Court. A response to
6   defendant's answer is not necessary in this case, and therefore the Court would not order one.

7   i. Plaintiff's request for copies of his complaint and all exhibits filed in this
8   action and for copies of the complaints in his other lawsuits so that he may combine them in one
9   complaint is GRANTED in part and DENIED in part. The Court will direct the Clerk to send
10  plaintiff copies of his complaint and exhibits in this case, but it declines to order free copies of the
11  other documents. If plaintiff would like to obtain these other documents, he must request them
12  from the Clerk's office and pay the copy fee.

13  (2) Plaintiff has filed a motion asking the Court to order defendants' attorney to return
14  a document plaintiff mailed to counsel. (Dkt. 55.) Defendants have filed a response indicating
15  that they will send the document to plaintiff. (Dkt. 57.) Accordingly, plaintiff's motion (Dkt. 55)
16  is DENIED as moot.

17  (3) Finally, plaintiff has filed a motion asking for a 30-day extension of time to file a
18  reply in support of his various motions (Dkt. 49) and reiterating his request that the Court contact
19  the Walla Walla Police regarding an attack plaintiff suffered last year at the hands of prison guards.
20  (Dkt. 58.) Plaintiff's motion (Dkt. 58) is DENIED. The Court can envision no information
21  plaintiff could provide in a reply brief that would render a different decision appropriate on his
22  various motions, and the Court has already explained that it does not have the authority to order

ORDER ON MISCELLANEOUS
MOTIONS - 4

the Walla Walla Police to conduct an investigation. To the extent plaintiff believes the prison guards violated his constitutional rights, he may file a § 1983 action against them.

(4) The Clerk is directed to send plaintiff a courtesy copy of the complaint he filed in this action, as well as any accompanying exhibits, and a copy of defendants' answer. The Clerk also is directed to send copies of this order to the parties and to the Honorable John C. Coughenour.

Dated this 6th day of December, 2018.

*Mary Alice Theiler*
Mary Alice Theiler
United States Magistrate Judge