UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES ANTHONY WILLIAMS,

    Plaintiff,

v.

BRUCE C GAGE, et al.,

    Defendants.

Case No. C18-0218-JCC-MAT

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner currently housed at the Washington State Penitentiary ("WSP"), is proceeding *pro se* in this 42 U.S.C. § 1983 civil rights action.  Currently before the Court is a motion in which he seeks, among other things, injunctive relief.[1]  Dkt. 62.  Specifically, he asks the Court to order prison authorities at the WSP to (a) change their practice of requiring inmates to sign for documents *before* being handed the documents, (b) give plaintiff his legal mail in the envelopes in which it arrives, and (c) immediately give plaintiff his legal documents when he is transferred to a new prison or cell.  *Id.* at 2-3.  He claims that WSP staff have been stealing documents that he sends to the law librarian or that the law librarian sends to him.  *Id.* at 3.

Defendants argue that plaintiff's motion should be denied because it seeks relief that is

---

[1] The Court addresses the other relief he seeks, specifically an extension of certain deadlines and a copy of his original complaint, in a separate Order.

REPORT AND RECOMMENDATION - 1

different from the underlying lawsuit. Dkt. 63 at 2. The Court agrees. "A preliminary injunction is appropriate when it grants relief of the same nature as that to be finally granted." *Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). "[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Id.* "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Id.* (quoting *De Beers Consol. Mines*, 325 U.S. at 220).

The Court previously described the allegations and claims in the underlying complaint, most of which relate to events that occurred when plaintiff was housed at the Monroe Correctional Complex. *See* Dkt. 43 at 2-4. As relief, he seeks monetary damages for physical and mental injuries and an order requiring the Department of Corrections to transfer him out of the Intensive Management Unit, document that he has "SHU-syndrome," and provide him therapy. *Id.* at 4. Thus, it is apparent that the injunctive relief plaintiff currently seeks is not of the same nature as that which may be granted finally. Plaintiff also seeks injunctive relief against individuals who are not defendants in this action. Accordingly, the Court lacks authority to grant the preliminary relief he requests, *see Pacific Radiation Oncology, LLC*, 810 F.3d at 636, and his motion, Dkt. 62, should be DENIED. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions

REPORT AND RECOMMENDATION - 2

calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 22, 2019**.

Dated this 27th day of February, 2019.

*/s/ Mary Alice Theiler*
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3