UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES ANTHONY WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>BRUCE C GAGE, et al.,<br><br>        Defendants. | Case No. C18-0218-JCC-MAT<br><br>ORDER GRANTING MOTION TO STRIKE |

This is a 42 U.S.C. § 1983 prisoner civil rights action. On April 19, 2019, a non-party to this case and inmate at the Washington State Penitentiary ("WSP"), Joe J.W. Roberts Jr., filed a motion on behalf of plaintiff to consolidate this action with one Mr. Roberts has filed and to appoint counsel to represent them in bringing a class action complaint. (Dkt. 70.) Mr. Roberts explained in the motion and in an accompanying declaration (Dkt. 71) that plaintiff was on security enhancements at the WSP and was not allowed pen, paper, or to file or receive legal documents. (*See* Dkts. 70, 71.) Mr. Roberts, therefore, signed the motion and declaration on behalf of plaintiff. (*See* Dkt. 70 at 4; Dkt. 71 at 1.)

Defendants have moved to strike Mr. Roberts' submissions. (Dkt. 71.) Among other things, defendants point out that plaintiff never signed the submissions in violation of Federal Rule

ORDER GRANTING MOTION TO
STRIKE - 1

of Civil Procedure 11(a), which provides, "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented. . . . The court *must* strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Fed. R. Civ. P. 11(a) (emphasis added).

The Court agrees with defendants that Rule 11(a) requires the Court to strike Mr. Roberts' submissions because plaintiff did not sign them. Defendants notified plaintiff of the deficiency in their motion to strike, which they filed on May 3, 2019. Although plaintiff was allegedly unable to access pen and paper at the time Mr. Roberts filed the motion to consolidate on April 19, 2019, staff at the WSP informed the Clerk of Court on May 9, 2019, that plaintiff had been transferred to the Monroe Correctional Complex. Therefore, based on the current record, the Court concludes that plaintiff has had sufficient opportunity to correct the omission but has not done so.

Accordingly, the Court GRANTS defendants' motion to strike (Dkt. 72) and directs the Clerk to STRIKE Docket Numbers 70 and 71 from the docket. The Clerk is directed to send copies of this order to the parties and to the Honorable John C. Coughenour.

Dated this 28th day of May, 2019.

_____
Mary Alice Theiler
United States Magistrate Judge

ORDER GRANTING MOTION TO
STRIKE - 2