UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES ANTHONY WILLIAMS,

          Plaintiff,

v.

BRUCE C GAGE, et al.,

          Defendants.

Case No. C18-0218-JCC-MAT

ORDER

This is a 42 U.S.C. § 1983 prisoner civil rights action. Plaintiff has filed two motions that request injunctive relief, partial summary judgment, appointment of counsel, copies of court documents, and extensions of court deadlines. (Dkts. 76, 77; *see also* Dkt. 79.) Defendants have filed a response. (Dkt. 78.) Having considered the parties' submissions, the balance of the record, and the governing law, the Court finds and ORDERS:

(1) Plaintiff's primary complaint is that defendants have refused to grant him access to his legal materials. The Court DEFERS RULING on plaintiff's motion for injunctive relief pending additional briefing from the parties. The Court is concerned by plaintiff's claim that defendants are withholding his legal materials, including an amended complaint he drafted to file in this action. Accordingly, by **September 27, 2019**, defendants shall file a supplemental response

ORDER - 1

that addresses (a) the location of all of plaintiff's legal property held by the DOC, (b) the amount/types of legal property that is held at each location, (c) the formal efforts plaintiff has made to acquire his legal property, (d) the reasons plaintiff's requests have been denied, and (e) any further steps plaintiff must take to acquire his property through DOC channels. Plaintiff may file a supplemental reply by **October 18, 2019**.

(2) The Court also DEFERS RULING on plaintiff's motion for partial summary judgment.

(3) Plaintiff asks the Court to appoint counsel because defendants have interfered with his ability to litigate this case by withholding his legal materials. Generally, a person has no right to counsel in a civil action. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). In certain "exceptional circumstances," the Court may request the voluntary assistance of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither factor is dispositive, and they must be viewed together before reaching a decision on a request for counsel. *Id.*

Plaintiff has not established exceptional circumstances at this time. He does not address the likelihood of success on the merits of his claim, and although he has had trouble accessing his legal materials, he appears able to articulate his complaints *pro se* given that the legal issues are not particularly complex. Accordingly, the Court DENIES his request for appointment of counsel without prejudice.

1      (4)    Plaintiff asks the Court to provide the names and case numbers for all the lawsuits he has filed since June 2009. He also asks the Court to provide him with copies of all the complaints and evidence he submitted in these cases. Finally, he asks the Court to provide him with copies of his two pending motions because the law librarian refused his request to e-file them and thus he was forced to mail his only copies to the Court. Given the apparent problems plaintiff has had with e-filing, the Court GRANTS his request for courtesy copies of his motions. The Court also GRANTS his request for a courtesy copy of a list of case names and numbers. If plaintiff would like any additional court records, however, he must pre-pay, at a rate of $0.50 per page, for the number of pages he requests. He may direct requests for specific documents to the Clerk's office. The Clerk's office will inform him of the total charge for the pages and mail the requested documents after plaintiff submits payment.

    (5)    Finally, plaintiff asks the Court to extend the deadlines for him to file a motion for leave to amend, for discovery, and for dispositive motions. Defendants do not oppose these requests. Accordingly, the Court establishes the following deadlines:

Deadline for plaintiff to file a motion for leave to amend complaint: **November 1, 2019**

Deadline for discovery: **January 31, 2020**

Deadline for dispositive motions: **March 6, 2020**

**Any party seeking to extend these deadlines must show good cause.**

    (6)    The Clerk is directed to RE-NOTE plaintiff's motions for injunctive relief and partial summary judgment (Dkts. 76, 77) for October 18, 2019.

    (7)    The Clerk is directed to send copies of this order to the parties and to the Honorable John C. Coughenour. The Clerk also is directed to send plaintiff courtesy copies of his motions

1 (Dkts. 76, 77) and a list of case names and numbers that he has filed in this District since June
2 2009.
3     Dated this 5th day of September, 2019.

Mary Alice Theiler
United States Magistrate Judge

ORDER - 4