UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES ANTHONY WILLIAMS,

            Plaintiff,

v.

BRUCE C GAGE, et al.,

            Defendants.

Case No. C18-0218-JCC-MAT

ORDER DENYING MOTIONS AND EXTENDING DEADLINES

This is a 42 U.S.C. § 1983 prisoner civil rights action. Plaintiff has nine ripe motions pending. (Dkts. 76, 77, 88, 89, 90, 91, 93, 96, 99.) This order addresses Docket Nos. 88, 90, and 96. The Court addresses the remaining motions in a Report and Recommendation filed concurrently with this order. For the reasons discussed below, the Court DENIES the motions before it and RE-SETS the deadlines for plaintiff to file a motion for leave to amend and for the parties to complete discovery and file dispositive motions.

## DISCUSSION

A.   <u>Docket No. 88</u>

Plaintiff asks the Court to send him a copy of his original complaint so he can draft his supplemental response, order defendants to give him access to all of his mental health records, and

ORDER DENYING MOTIONS AND
EXTENDING DEADLINES - 1

1 appoint a doctor to examine him for SHU-syndrome. (*See* Dkt. 88.) Plaintiff is not entitled to any of the relief he seeks. First, plaintiff has already submitted his supplemental response (Dkt. 92) and therefore his request for a copy of his complaint is moot. Second, plaintiff must obtain his mental health records through proper discovery requests. Third, plaintiff is not entitled to a court-ordered examination. Federal Rule of Civil Procedure 35 provides that a court, upon a showing of good cause, may "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a); *see also Houghton v. M & F Fishing, Inc.*, 198 F.R.D. 666, 667 (S.D. Cal. 2001) (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 117 (1964)). "The purpose of Rule 35 is to allow a movant to request examination of a party whose mental or physical condition is in controversy, not for a party to request examination of himself for purposes of supporting his claim." *Quintana v. Swarthout*, No. 09-3221, 2012 WL 5499872, at *3 (E.D. Cal. Nov. 13, 2012). Indeed, Rule 35 "does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself." *Callegari v. Lee*, No. 08-2420, 2011 WL 175927, at *7 (N.D. Cal. Jan. 19, 2011) (quoting *Smith v. Carroll*, 602 F. Supp. 2d 521, 526 (D. Del. 2009), and collecting cases). Furthermore, the Court is aware of no authority allowing it to order an independent examination at government expense for an indigent plaintiff in a civil action, and there is no indication in the record that plaintiff has the funds to pay for the examination himself. *See Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) ("[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress . . . .") (citation and internal quotation marks omitted).

\\

\\

B.   Docket No. 90

Plaintiff alleges that he issued discovery requests to defendants in late 2018 and that defendants are withholding his copies of the documents he sent and failing to properly respond to his requests. (*See generally* Dkt. 90.) Plaintiff claims that he has been unable to get access from Ms. Dominique-Kastle to the necessary forms to issue additional discovery requests and therefore will be unable to complete discovery by the January 31, 2020 deadline. (*Id.*) He asks the Court to order defendants to send him a copy of his original discovery requests so that he has a template to use for future requests and to compel defendants to produce evidence. (*Id.*) Defendants oppose plaintiff's motion, arguing, *inter alia*, that plaintiff failed to comply with Federal Rule of Civil Procedure 37(a) and Local Civil Rule 37(a). (*See* Dkt. 95.)

Plaintiff is not entitled to the relief he requests. First, in a declaration plaintiff filed on October 28, 2019, he states that he found a sample discovery request and can now start drafting discovery. (Dkt. 98 at 1.) Therefore, his request for his original discovery requests is moot. Second, defendants are correct that plaintiff failed to comply with the applicable rules prior to bringing his motion to compel. Federal Rule of Civil Procedure 37 requires a good faith effort to confer prior to moving to compel. Fed. R. Civ. P. 37(a). In addition to Rule 37, the Local Civil Rules for the Western District of Washington provide:

> Any motion for an order compelling disclosure or discovery *must* include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. *If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute.* A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference.

Local Rules W.D. Wash. LCR 37(a)(1) (emphases added). Plaintiff did not comply with these

requirements prior to filing his motion, and therefore the Court will not consider the merits of his motion. If plaintiff attempts to meet and confer with counsel for defendants and is unable to resolve his dispute, he may file a motion to compel that complies with the applicable rules.

C. <u>Docket No. 96</u>

Plaintiff asks the Court to make a preliminary ruling on the adequacy of his discovery requests before he issues them to defendants. (*See generally* Dkt. 96.) The Court does not issue such rulings. Plaintiff must draft the requests to the best of his ability and serve them on defendants. If he is not satisfied with defendants' responses, he must attempt to resolve his issues directly with counsel for defendants. *See* Fed. R. Civ. P. 37; Local Rules W.D. Wash. LCR 37. Only if he is unable to resolve his issues directly with counsel for defendants, he may file a motion with the Court. If the motion complies with the applicable rules, the Court will review his requests.

Plaintiff also asks the Court to make a preliminary ruling regarding the sufficiency of new claims he wants to add to this action in an amended complaint. (*See* Dkt. 96.) The Court, however, does not make such preliminary rulings. If plaintiff would like the Court to review new claims, he must file a motion for leave to amend accompanied by a proposed amended complaint. The Court previously set November 1, 2019 as the deadline for plaintiff to file a motion for leave to amend and a proposed amended complaint. The Court will grant plaintiff an extension of time until **March 6, 2020** to file a motion for leave to amend.

**No further extension of time to file a motion for leave to amend will be granted absent a showing of exceptional circumstances.** The proposed amended complaint must contain a "short and plain statement" of the grounds for relief, and each averment in the complaint must be "simple, concise, and direct." Fed. R. Civ. P. 8. An amended complaint operates as a complete substitute for the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992),

and thus the proposed amended complaint must clearly identify all the defendants, the constitutional or federal statutory claims asserted, the specific facts that plaintiff believes support each claim, and the specific relief requested. The Court will direct the Clerk to send plaintiff the appropriate form to guide him in drafting his proposed amended complaint, which **may not exceed 30 pages in length**. In addition, plaintiff may, but is not required to, submit evidence in support of his proposed amended complaint.

Plaintiff is reminded that the following principles of law govern this action. To sustain a § 1983 civil rights claim, plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Plaintiff must identify, as to each individual defendant, what constitutional or federal statutory right he alleges that defendant to have violated, and the facts that support each claim.

A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monnell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Rather, a plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 49 U.S. 378, 385-90 (1989). In other words, plaintiff may not name defendants based solely on supervisory liability.

D.  Extension of Additional Deadlines

The discovery deadline is currently January 31, 2020, and the dispositive motions deadline is March 6, 2020. Given that the Court is extending the deadline for plaintiff to file a motion for

leave to amend to March 6, 2020, the Court also extends the discovery deadline to **March 6, 2020**, and the dispositive motions deadline to **May 6, 2020**. If the Court allows plaintiff to amend his complaint, the Court will entertain motions by the parties to reset these deadlines.

## II. CONCLUSION

The Court DENIES plaintiff's motions (Dkts. 88, 90, 96) and RE-SETS the following deadlines:

| | |
|---|---|
| Deadline for plaintiff to file motion for leave to amend | **March 6, 2020** |
| Discovery deadline | **March 6, 2020** |
| Dispositive motions deadline | **May 6, 2020** |

Plaintiff is reminded that no further extension of time to file a motion for leave to amend will be granted absent a showing of exceptional circumstances, and any proposed amended complaint may not exceed 30 pages.

The Clerk is directed to send plaintiff the appropriate form so that he may prepare a proposed amended complaint and to send copies of this order to the parties and to the Honorable John C. Coughenour.

Dated this 23rd day of January, 2020.

Mary Alice Theiler
United States Magistrate Judge