UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES ANTHONY WILLIAMS,

                Plaintiff,

      v.

BRUCE C GAGE, ET AL.,

                Defendant.

Case No. C18-0218-JCC-MAT

ORDER GRANTING MOTION FOR
EXTENSION, GRANTING REQUEST
FOR COPY OF COMPLAINT, AND
DENYING REQUEST FOR COUNSEL

INTRODUCTION

This is a 42 U.S.C. § 1983 prisoner civil rights action. Plaintiff moves for an extension of time to file a response to defendants' pending motion for summary judgment. Dkt. 158. Plaintiff requests an extension on the grounds that his attorneys in another pending action, *Williams v. Sinclair, et al.*, No. 3:19-cv-05045-BHS-TLF (W.D. Wash.) (hereinafter *Williams*), intend to move to consolidate this action with *Williams*. *Id.* He also argues he needs an extension due to his mental health issues and alleged inadequate access to legal materials at his new facility, Washington State Penitentiary (WSP). *Id.* Plaintiff also requests a copy of his complaint in this case and appointment of counsel. *Id.* Defendants contend that plaintiff is not entitled to an extension for the reasons he asserts but leave it to the discretion of the Court to determine whether circumstances exist that

would warrant one final extension. Dkt. 159. In his reply, plaintiff appears to allege that his attorneys "lied" to him in stating that they intended to move to consolidate his cases. Dkt. 161. He claims that he had sufficient evidence to file his response to defendants' motion for summary judgment but that on November 13, 2020, Sergeant Wise[1] used the fact that plaintiff was smearing feces in his cell as a "pretext" to take those documents and put them in the property room and that they have not been returned. *Id.* He claims that because of this, he now requires a 90-day extension of time to file his response to the defendants' motion for summary judgment. *Id.*

For the reasons below, the Court GRANTS in part and DENIES in part plaintiff's motion (Dkt. 158). The Court grants plaintiff one final extension, until, **February 12, 2021** to respond to defendants' motion for summary judgment. The Court also grants plaintiff's request for a copy of his complaint and directs the Clerk to provide plaintiff with a copy of the complaint and attachments (Dkts. 11, 11-1, 11-2). The Court denies plaintiff's request for appointment of counsel.

DISCUSSION

I.   <u>Motion for Extension</u>

Plaintiff moves for an extension of time to respond to defendants' motion for summary judgment on the grounds that the attorneys representing him in a separate action, *Williams*, intend to move to consolidate this action with *Williams*. Dkt. 158. Plaintiff indicates that his attorneys in *Williams* informed him that they intended to move to consolidate the actions and that they had spoken to defense counsel who had also agreed that consolidation would be appropriate. *Id.* Plaintiff presents nothing from counsel in *Williams* in support of his motion for extension indicating that they intend to move for consolidation and defendants, in response to plaintiff's

---

[1] Plaintiff also alleges that Sergeant Wise refused him food, called him names, and interfered with his phone calls with his attorneys in his other case. Dkt. 161. But Sergeant Wise is not a defendant in this action nor are these allegations a part of plaintiff's complaint in this action.

ORDER GRANTING MOTION FOR
EXTENSION, GRANTING REQUEST
FOR COPY OF COMPLAINT, AND
DENYING REQUEST FOR COUNSEL - 2

motion, deny that this is the case. *Id.*; Dkt. 159. Defendants also point out that in a December 10, 2020, joint status report submitted in *Williams*, counsel for both parties asserted that the case "should not under any circumstances be consolidated with any of Williams' other open cases either in state or federal court." Dkt. 159 (quoting *Williams v. Sinclair, et al.*, No. 3:19-cv-05045-BHS-TLF (W.D. Wash.) Dkt. 45). Although it is somewhat unclear, in his reply to his motion plaintiff appears to acknowledge that his attorneys do not, in fact, intend to move for consolidation and contends that they had "lied" to him. Dkt. 161, at 11.

As it does not appear that counsel in *Williams* intends to move for consolidation, a further extension of time to respond to defendants' motion for summary judgment in this case does not appear warranted on that basis. The Court also notes that in this case it has previously denied plaintiff's motion to consolidate this action with *Williams* on the grounds that "the cases do not involve common questions of law and fact[ ] [and] [e]ven if there are common questions, judicial economy weighs against consolidation as the cases are on different procedural tracks." Dkt. 137.

Plaintiff also argues that he requires additional time to respond to defendants' motion for summary judgment because he was recently transferred to Washington State Penitentiary (WSP) and is being denied adequate access to legal materials and legal assistance at the new facility. Dkt. 158. Plaintiff also contends that he has ADHD, SHU syndrome, and PTSD which causes a "stress response" and makes it difficult for him to litigate his case. *Id.* He contends the law librarian at WSP is denying him legal material and assistance. *Id.* He claims he has been given inadequate keyboard instruction, does not have access to hard copies of case law or law books, and that there are some documents missing from his legal boxes. *Id.*

Defendants respond to these claims with the declaration of WSP Intensive Management Unit North (IMU-North) Custody Unit Supervisor (CUS) Paul Daniel. Dkt. 160. Mr. Daniel states

ORDER GRANTING MOTION FOR
EXTENSION, GRANTING REQUEST
FOR COPY OF COMPLAINT, AND
DENYING REQUEST FOR COUNSEL - 3

that he spoke with plaintiff on October 15, 2020, and discussed legal access and processes with him and outlined the expectations of his behavior. *Id.* He indicates that plaintiff said he understood and verbally agreed to treat staff fairly. *Id.* On October 21, 2020, Mr. Daniel indicates he gave plaintiff instruction for approximately thirty (30) minutes on the use of the electronic legal library computer and assisted him in navigating the software. *Id.* He claims plaintiff appeared to understand how to work the computer thereafter and that he accessed the legal computer on at least one other occasion and was offered other opportunities for access but declined. *Id.*

Mr. Daniel states that plaintiff's behaviors in late October to mid-November 2020, including displaying aggression, refusing to wear clothes, and engaging in unsanitary behavior, made it unsafe for staff to attempt to take plaintiff to access his legal materials or the legal computer. *Id.* He states that between November 10, 2020, and November 16, 2020, Mr. Williams was infracted for a number of behaviors which would make it unsafe to escort him including displaying physically aggressive behavior, threatening to murder staff, spitting and throwing things at staff, and using derogatory language towards staff. *Id.* Mr. Daniel indicates that since plaintiff arrived at WSP, he was provided access to his legal property on October 1, 2020, October 2, 2020, October 15, 2020, October 31, 2020, and November 7, 2020. *Id.* Mr. Daniel indicates that plaintiff left the IMU on November 15, 2020, and was placed in the Health Services Building for close observation due to behavioral issues until December 7, 2020. *Id.* He states that plaintiff would remain on quarantine protocol (due to COVID-19 safety procedures) until at least December 16, 2020, but that when plaintiff returned to the IMU North, staff were prepared to provide him access to the legal computer and to his legal property as long has his behavior allowed. *Id.*

Based upon the parties' submissions, it appears to the Court that facility staff are acting in good faith to provide plaintiff with the opportunity to access legal research materials as well as his

ORDER GRANTING MOTION FOR
EXTENSION, GRANTING REQUEST
FOR COPY OF COMPLAINT, AND
DENYING REQUEST FOR COUNSEL - 4

1    own legal materials but that, in some instances, plaintiff has not taken advantage of those

2    opportunities or his aggressive behavior towards staff has limited his opportunities. While plaintiff

3    is dissatisfied with the computer instruction he has received, the Court is not persuaded that he is

4    unable to access and utilize the legal computer with the instruction he has already received.

5    However, because plaintiff was transferred to WSP during the period when he was required to

6    prepare his response to defendants' motion for summary judgment, the Court will grant plaintiff

7    one final extension of time, until **February 12, 2021**, to respond to defendants' motion.

8            The Court also notes that in his December 18, 2020, reply, plaintiff claims that on

9    November 13, 2020, Sergeant Wise confiscated some of the documents he intended to use in

10   support of his response to defendants' motion for summary judgment. Dkt. 161, at 13-22. He

11   claims Sergeant Wise used the fact that plaintiff was smearing feces in his cell as a "pretext" to

12   remove those documents. *Id*. The Court notes that according to Mr. Daniel's declaration, it appears

13   that plaintiff was not able to access his legal documents for a period beginning in mid-November

14   in part because he was moved to the Health Services Building for close observation due to

15   behavioral issues and would remain there until December 7, 2020, and then remain on quarantine

16   protocol (due to COVID-19 safety procedures) until at least December 16, 2020. *Id.* But Mr. Daniel

17   also indicated that when plaintiff returned to the IMU North, staff were prepared to provide him

18   access to the legal computer and to his legal property as long has his behavior allowed. *Id.* As

19   noted above, the Court is granting plaintiff an extension of time, until **February 12, 2021**, to file

20   his response to defendants' motion for summary judgment. This should give plaintiff sufficient

21   time to work with prison officials to gain access to his legal materials again after his recent return

22   to the IMU and release from quarantine, and to locate any documents he believes have not been

23   returned or are missing.

ORDER GRANTING MOTION FOR
EXTENSION, GRANTING REQUEST
FOR COPY OF COMPLAINT, AND
DENYING REQUEST FOR COUNSEL - 5

1    The Court remains sympathetic to the difficulties plaintiff faces but emphasizes again that

2    plaintiff must focus on maintaining appropriate behavior, and utilizing the resources offered to

3    him in order to prepare a response to defendants' motion for summary judgment. No further

4    extensions of time will be permitted. If plaintiff fails to file a response to defendants' motion by

5    the date indicated, the Court will proceed to decide the motion on the current record.

6    II.    Request for Copy of Complaint

7           Plaintiff also contends that he never received a copy of his complaint which the Court

8    indicated it would provide in its September 22, 2020 order. Dkt. 158. He indicates he is unable to

9    respond to the defendants' motion without a copy of the complaint. *Id.* Although it appears plaintiff

10   should be able to locate a copy of his complaint among his stored property, and that the complaint

11   was previously transmitted, the Court again GRANTS plaintiff's request for a copy of his

12   complaint in order to avoid additional delay in briefing defendants' motion for summary judgment.

13   III.   Request for Counsel

14          Generally, a person has no right to counsel in a civil action. *See Campbell v. Burt*, 141 F.3d

15   927, 931 (9th Cir. 1998). In certain "exceptional circumstances," the Court may request the

16   voluntary assistance of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). *Agyeman*

17   *v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether

18   "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as

19   well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the

20   legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

21          The Court has denied several motions for appointment of counsel in this case, most recently

22   on August 26, 2020 and September 22, 2020. Dkts. 137, 155. In doing so, the Court noted that

23   plaintiff had previously recognized that he does not have an inability to articulate his claims or

ORDER GRANTING MOTION FOR
EXTENSION, GRANTING REQUEST
FOR COPY OF COMPLAINT, AND
DENYING REQUEST FOR COUNSEL - 6

grasp the legal issues "because this is a simple lawsuit with simple legal principles." Dkts. 137, 114 at 3 (quoting Dkt. 102 at 14-15). The Court further reasoned that plaintiff had not shown a likelihood of success on the merits. *Id.*

Plaintiff now argues again that the Court should appoint counsel because his mental health issues interfere with his ability to litigate this action, and he is not being afforded adequate access to legal materials and law library resources. Dkt. 158. He also asserts that the court in his other pending action, *Williams,* recently appointed counsel, and that the Court should also appoint counsel in this case. *Id.*

Plaintiff's request for the appointment of counsel is DENIED. Plaintiff has not shown a likelihood of success on the merits in this case and his submissions indicate he has a strong intellectual grasp of his claims despite his mental health difficulties. Furthermore, it appears that the staff at WSP are making good faith efforts to provide plaintiff access to his legal materials and to the law library resources while also ensuring the safe operation of the unit. Finally, the fact that the court in plaintiff's other case appointed counsel does not mean that counsel is warranted here. As the Court previously noted, exceptional circumstances require consideration of both the likelihood of success in light of the complexity of the legal issues involved in the particular case and the plaintiff's ability to articulate his claims pro se, and neither element is currently satisfied in this case.

<u>CONCLUSION</u>

To summarize, the Court GRANTS in part and DENIES in part Docket 158. Plaintiff is granted one final extension of time until **February 12, 2021**, to respond to defendants' motion for summary judgment. No further extensions of time will be granted. If plaintiff fails to respond, the Court will proceed to decide defendants' motion on the current record. Plaintiff's request for

counsel is denied. Plaintiff's request for a copy of the complaint in this case is granted and the Clerk is directed to send plaintiff copies of his complaint and the exhibits thereto (Dkts. 11, 11-1, 11-2). The Clerk is also directed to send copies of this order to the parties and to the Honorable John C. Coughenour.

Dated this <u>28th</u> day of December, 2020.


Mary Alice Theiler
United States Magistrate Judge

ORDER GRANTING MOTION FOR
EXTENSION, GRANTING REQUEST
FOR COPY OF COMPLAINT, AND
DENYING REQUEST FOR COUNSEL - 8